IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:11-CV-236-BO

| | |
|---|---|
| MARILYN RICHARDSON,<br>    Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner of<br>Social Security,<br>    Defendant. | ORDER |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 [DE 28] and pursuant to 42 U.S.C. 406(b) [DE 30]. For the reasons stated herein, the plaintiff's motions are GRANTED.

## DISCUSSION

I.    THE PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER THE EAJA.

The Equal Access to Justice Act provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that she is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). Where, as here, the district court ruled in favor of

1

the plaintiff, and reversed the commissioner's decision the plaintiff is obviously the "prevailing party."

"Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *2 (E.D.N.C. Feb. 8, 2008)(citations omitted). Substantial justification analysis examines "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation" from the "totality of the circumstances." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). Here, the Court noted in the underlying opinion that the ALJ "failed to create a logical bridge between the evidence and his conclusions." [DE 24]. Specifically, the Court focused on the ALJ's failure to take into account the claimant's need for a cane in his evaluation of her functional capacity. This fact was essential to the Court's award of benefits to the plaintiff – the fact that she required a cane to ambulate was a severely limiting characteristic. Not only was the Commissioner's approach to the claimant's case not supported by substantial evidence; the ALJ's decision and the continued defense of that decision were substantially unjustified. *See Strong v. Commissioner*, 461 Fed. Appx. 299 (4th Cir. 2012)(noting the distinction between a position taken by the Commissioner that is supported by substantial evidence and one that is substantially justified). Further, the Court finds that there is no reason that an award of fees in this case would be unjust. As such, the Court finds in favor of the Plaintiff on eligibility requirements (ii) and (iii).

Finally, the Court considers the procedural aspects of eligibility. Judgment was entered in this matter on November 1, 2012. The plaintiff requested an extension of time to file the EAJA motion and that request was granted on December 18, 2012. The order granting an extension of time to the plaintiff allowed the plaintiff to file a EAJA motion up to thirty days after she

received all final notices of benefits awarded by the Social Security Administration. The plaintiff filed her motion on January 30, 2013 –within the time frame established by the Court. Additionally, the plaintiff's motion was accompanied by an itemized statement supporting the fees requested.

Having considered the EAJA's eligibility requirements the Court grants the plaintiff's motion.

II. PLAINTIFF'S COUNSEL IS ENTITLED TO A REASONABLE ATTORNEY FEE UNDER 42 U.S.C. 406(b).

In addition to seeking fees under EAJA, plaintiff's counsel has sought fees pursuant to 42 U.S.C. § 406(b). His claim is in accordance with 406(b)(1), which allows the Court to award a "reasonable fee" up to twenty-five percent of the past-due benefits paid to the plaintiff. Here, plaintiff's counsel has requested twenty-five percent of the plaintiff's benefits; this represents the largest fee available to counsel. The government objected to this motion and argued that a lower fee should be awarded.

Plaintiff and counsel entered into a fee agreement, which stated, in pertinent part:

> The federal court is responsible for setting a fee for the work done at the federal court level. Client understands that, by statute, a fee of 25% of the past due benefits is the maximum amount the federal court can authorize. . . Further, because the fee is contingent on the granting of benefits, the fee is not based strictly on an hourly rate (Attorney's normal billable hourly rate is $175 per hour) and that any hourly rate which might result from the number of hours actually expended by Attorney could be in a range of $750.00 per hour. [DE 31-1]

In further support of his application for fees, counsel has submitted documentation recording 24.2 hours of work related to the representation of plaintiff before this Court.

Section 406(b)(1) of the Social Security Act allows this Court to award a reasonable fee. This fee is payable out of, rather than in addition to, the past-due benefits recovered by the plaintiff. 42 U.S.C. § 406(b). It is well recognized that in many cases a

3

reasonable fee may be less than the maximum figure of twenty-five percent of past-due benefits. *See Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966).

Counsel and the claimant he represents remain free to negotiate fee agreements, as long as these agreements fall within the guidelines established by 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792-93 (2002). Thus, in situations where the claimant and counsel have negotiated a fee agreement the district court serves as an independent evaluator of the reasonableness of the resultant fee. Specifically, the Court will review fee arrangements "to assure that they yield reasonable results in particular cases." *Id.* at 807. In assessing whether the contingency arrangement is reasonable a court may consider reducing a fee award where the benefits awarded are large in comparison to the amount of time expended by the attorney. *Id.* at 808.

Under the circumstances of this case, the Court finds that an award of $17,050.00 yields an unreasonable result. This case was a relatively straightforward social security claim, and the time recorded in handling this matter was substantial, but does not reflect an extraordinary investment of time in a social security matter. Further, as pointed out by the government, eight hours of the time spent by counsel was time spent largely on travel. Were the court to award the full amount requested it would be equivalent to counsel charging $704.55 per hour; this reflects a fee that is four times counsel's standard hourly rate of $175.00. The Court agrees with the government's assessment that an award reflecting a fee that is two times counsel's standard hourly rate is reasonable and includes a premium for the risk taken on by counsel in representing plaintiff on a contingent fee basis. *See Cooper v. Astrue*, 2012 WL 2872446, *3 (E.D.N.C. July 12, 2012). As such, a fee of $8,470 is reasonable for the work completed in this matter.

4

CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act in the amount of $4,235.00 is GRANTED. Plaintiff's motion for attorney's fees under 406(b)(1) is GRANTED, but the award will be reduced based on the unreasonableness of upholding the contingency fee agreement. Accordingly, plaintiff's counsel shall be awarded attorney's fees in the amount of $8,470 for the reasons stated above.

SO ORDERED.

This the 27 day of May, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:11-cv-00236-BO   Document 35   Filed 05/28/13   Page 5 of 5